UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60001-BLOOM/Valle

ADRIANA JURADO and
GUSTAVO JURADO,

    Plaintiffs,

v.

WELLS FARGO, N.A., BANK OF NEW YORK
MELLON AS TRUSTEE FOR WORLD SAVINGS
BANK MORTGAGE PASS-THROUGH CERTIFICATES
REMIC 32 TRUST, RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Rushmore Loan Management Services, LLC's ("Rushmore") Motion to Dismiss, ECF No. [6] (the "Motion"). Plaintiffs, proceeding *pro se*, bring this lawsuit against Rushmore, Wells Fargo Bank, N.A., and Bank of New York Mellon as Trustee for World Savings Bank Mortgage Pass-through certificates REMIC 32 Trust. Plaintiffs assert claims for violations of 12 CFR §1024.41, 15 USC §1461(g),[1] eight state law claims, and a claim for declaratory relief. The Plaintiffs seek to have the Court render the mortgage lien on a property null and void, quieting title, and award Plaintiffs monetary damages.

The Local Rules provide: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L. R. 7.1(c).

---

[1] This section is title "Effect Upon State Law." Plaintiff appeared to have included the incorrect statute.

Rushmore filed its Motion on January 8, 2019, providing Plaintiffs until January 22, 2019 – at the very latest – to file a response.  *See* ECF No. [6].  On January 24, 2019, with no response having been filed, the Court issued an Order requiring a response by January 30, 2019, and cautioning that "[i]f Plaintiffs fail to file any response, the Court shall consider the merits of the Motion without the benefit of a response or responses, and such failure may be deemed sufficient cause to grant the motion by default."  ECF No. [10].  As of the date of this Order, Plaintiffs have not filed a response.

Despite Plaintiffs' failure to file a response, the Court has considered Rushmore's arguments, and finds that dismissal of the Complaint is warranted as a shotgun pleading.  The Eleventh Circuit defines a shotgun complaint as containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 205 F.3d 1293, 1295 (11th Cir. 2002); *see also Pelletier v. Zweifel,* 921 F.2d 1465, 1517–18 (11th Cir.1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they assert"); *Osahar v. U.S. Postal Service,* 297 Fed. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 979–80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).

Here, each Count within the Complaint incorporates all paragraphs which precede it.  This includes 167 paragraphs, including several paragraphs which contain no numbers.  This is particularly a concern as not all the Counts are against all of the Defendants.  Additionally, Plaintiffs' Complaint contains allegations referencing acts done by the "Defendants," improperly

lumping them together. Thus, Plaintiffs' Complaint is an improper shotgun pleading.[2]

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [6]**, is **GRANTED** in part as set forth above;

2. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiffs shall file an Amended Complaint by **February 11, 2019;**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] The Court notes that Plaintiffs' Complaint states that a report by Michael Carrigan is attached as Exhibit 1, but the report is not attached. Rushmore requests that the Court dismiss the Complaint for Plaintiffs' failure to attach the report and because other courts have found reports by Michael Carrigan to be unreliable. The Court will not make a determination as to whether it will consider a report without having viewed it. Should Plaintiffs file an Amended Complaint, to the extent that their allegations depend on statements made within the report, the Court advises Plaintiffs to include the report in the filing.

3