UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60001-BLOOM/Valle

ADRIANA JURADO and
GUSTAVO JURADO,

    Plaintiffs,

v.

WELLS FARGO, N.A., BANK OF NEW YORK
MELLON AS TRUSTEE FOR WORLD SAVINGS
BANK MORTGAGE PASS-THROUGH CERTIFICATES
REMIC 32 TRUST, RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Reconsider Order on Motion to Dismiss, ECF No. [29] ("Motion"). In their Motion, Plaintiffs argue that the Court erred in dismissing their Complaint as in improper shotgun pleading. *See* ECF No. [15] ("Order"). The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.[1]

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc.*

---

[1] The Court notes that in addition, Plaintiffs failed to confer under Local Rule 7.1 prior to filing the Motion, and it is thus due to be denied upon this basis alone.

*v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

Plaintiffs, proceeding *pro se*, filed this lawsuit on January 2, 2019. ECF No. [1]. On January 8, 2019, Rushmore Loan Management Services, LLC filed a Motion to Dismiss providing Plaintiffs until January 22, 2019 – at the very latest – to file a response. *See* ECF No. [6]. On January 24, 2019, with no response having been filed, the Court issued an Order requiring a response by January 30, 2019, and cautioned that "[i]f Plaintiffs fail to file any response, the Court shall consider the merits of the Motion without the benefit of a response or responses, and such failure may be deemed sufficient cause to grant the motion by default." ECF No. [10]. Plaintiffs failed to file a response by January 30, 2019. On February 1, 2019, the Court granted Rushmore's Motion to Dismiss, finding that dismissal of the Complaint was warranted as a shotgun pleading. ECF No. [15]. The Order dismissed Plaintiff's Complaint without prejudice and stated that "Plaintiffs shall file an Amended Complaint by February 11,

2019." *Id.* at 3 (emphasis in original). On February 12, 2019, the Court issued an Order closing the case as Plaintiffs had not filed an Amended Complaint nor requested an extension to do so. ECF No. [28].

On reconsideration, Plaintiffs contend that the Complaint is not an improper shotgun pleading. Plaintiffs also state that the Court should have granted an extension of time for Plaintiffs to respond to the Motion to Dismiss. Finally, Plaintiffs state that "Plaintiffs can show excusable neglect." Upon review, Plaintiffs' Motion fails.

Plaintiffs fail to address any of the three potential grounds justifying reconsideration. Therefore, Plaintiffs fail to set forth any ground warranting reconsideration. As to the arguments put forth by Plaintiffs, first, Plaintiffs' mere disagreement with the Court's finding that the Complaint is an improper shotgun pleading is not a basis for reconsideration. The Court, in its Order, ECF No. [15], noted that each Count within the Complaint incorporates all paragraphs which precede it – that includes 167 paragraphs, including several paragraphs which contain no numbers. The Eleventh Circuit has provided guidance to the district courts as to shotgun pleadings, stating that "[a] district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds. This is so even when the other party does not move to strike the pleading." *Novero v. Duke Energy*, No. 17-14963, 2018 WL 5013823, at *4 (11th Cir. Oct. 16, 2018) (internal citations and quotations omitted). Second, the Court is unmoved by Plaintiffs' belief that the Court should have granted an extension of time for Plaintiffs' to respond to the Complaint as Plaintiffs did not request an extension. Rather, Plaintiffs failed to respond to the Motion to Dismiss by the January 22, 2019 deadline and then failed to comply with a Court Order requiring a response by January

Case No. 19-cv-60001-BLOOM/Valle

30, 2019.  Third, it is unclear what Plaintiffs' statement that they can show excusable neglect refers to, but in any event, Plaintiffs have failed to do so.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [29]**, is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 18, 2019.

*[signature]*

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Gustavo Jurado
2906 N. 58th Ave.
Hollywood, FL 33021

Adriana Gustavo
2906 N. 58th Ave.
Hollywood, FL 33021

---

[2] The Court notes that Plaintiffs have re-filed their Complaint in Case No. 19-cv-60683 before this Court.